## James Jackson *vs.* Anson Harrington.

The respondent in a complaint for flowing land held under a deed which contained the following clause: " Also the ground of the dam belonging to said mills, with the usual reservations usually made by the original proprietors for mill or mills, pond or ponds, for the exercise of which rights reference is to be had to the former deeds hereabout, with liberty to flow or pond near such mills so much land as is necessary and convenient for the benefit of said mills agreeably to the original proprietors in such conveyance, and not otherwise." *Held*, that he did not thereby acquire a general right to flow land, according as he might find it necessary or convenient, without compensation, but that his right under the deed would depend upon the other deeds therein referred to, or, if these were not produced, upon usage or prescription.

Under an answer to a complaint for flowing land, in which the respondent claims the right to maintain his dam at its present height, without making any compensation, the burden of proof is on him to establish such claim.

If a mill-owner and his predecessors have kept up and maintained a dam for a period ot twenty years, and he repairs and substantially rebuilds it, and thereby keeps up the water more uniformly, to a greater height and for a longer period of the year than it was before the dam was repaired, he is not liable in damages, unless he has so changed it as to raise the water higher than it was raised by the old dam, when tight; but for any excess over this limit, he is liable.

Complaint for flowing land. The respondent in his answer, amongst other things not material to be recited here, claimed the right to maintain his dam at its present height without making any compensation.

At the trial in the superior court, before *Ames*, J., it appeared that a dam had been kept up for more than forty years upon the site of the dam complained of, and was repaired and substantially rebuilt in 1855, by the respondent, who shortly before had become the owner thereof. The complainant was permitted to introduce evidence, under objection, that, since the rebuilding of the dam, "the water of the stream above the dam, and in the vicinity of the complainant's land, was raised to a greater height than it formerly had been."

The titles involved in this case, so far as disclosed, were as follows: In 1812, Jonathan Perry conveyed to Matthew Ives the land now owned by the complainant, with this reservation: "Reserving however to myself the present brick-yard, mill-yard, pond and roads on said premises." In 1828, Ives conveyed the same land to the complainant, with this reservation: "Reserving to myself however the present brick-yard, mill-yard, ponds and roads on said premises, agreeably to a reservation in all deeds hereabout, reference being had to Capt. Jonathan Perry's deed to myself of the premises." In 1817, Ives, whose title to the same did not appear, conveyed the land now owned by the respondent to Joseph Hunt, Jr., including the mills and mill-yard and all privileges thereto belonging, by a deed containing the following clause: "Also the ground of the dam belonging to said mills, with the usual reservations usually made by the original proprietors for mill or mills, pond or ponds, for the exercise of which rights reference is to be had to the former deeds hereabout, with liberty to flow or pond near such mills so much land as is necessary and convenient for the benefit of said mills agreeably to the original proprietors in such conveyance, and not otherwise." The respondent derived his title through mesne conveyances from Hunt.

Upon these deeds the respondent contended that he was entitled to flow the complainant's land without compensation; but the court ruled that he had not such right.

The judge instructed the jury that, under the pleadings, the burden of proof was on the respondent to show that he had the right which he claimed, to maintain his dam at the height at

which it stood at the commencement of the complaint; and he would be entitled " to keep up the water as high as it would be raised by a dam of the same height as the dam which he and those under whom he claimed title had kept up and maintained for a period of twenty years before that time, even though the water was thereby kept up more uniformly, and flowed to greater height than by the dam before it was repaired, and even though the complainant's land was flowed for a longer period of the year; that the claim of the mill-owner depends upon and is limited by the effective height of the dam, according to its structure and operation when in repair and good order, and that variations produced by greater or less tightness of the dam, the greater or less economy in the use of the water, or changes or improvements in machinery, were not to be taken into account;" that if the respondent had not exceeded this limit, he was entitled to a verdict; but if he had exceeded it, a special verdict should be rendered, showing the extent of the excess. The jury returned a special verdict, that the respondent's upper gate was three inches too high; and the case was reported for the determination of this court.

*M. Wilcox,* for the complainant.

*J. Branning & J. E. Field,* for the respondent.

METCALF, J. The judge rightly ruled, at the trial, that the title deeds which the respondent gave in evidence did not convey to him the general right to flow the complainant's land, without compensation, according as he might find necessary or convenient. Those deeds, so far as they relate to the right of flowing that land — if not void for uncertainty, as the complainant's counsel insists — are exceedingly obscure. The utmost which they can be held to have conveyed is the right to flow so much of said land as was necessary for the benefit of the mill according to former grants and reservations of the original proprietors, and others in the vicinity of the mill. If such a right can be rendered certain, it can be done only by an examination of those grants and reservations. But they were not produced in evidence, and the reference to them, in the respondent's title deeds, can have no legal effect in measuring the rights of these

parties ; and the extent of the respondent's right of flowing without compensation can therefore be ascertained only by usage or prescription — as to which the instructions given to the jury were not objected to by the respondent.

The jury were rightly instructed that, under the pleadings in this case, the burden was on the respondent to prove that he had a right to flow the complainant's land, without making compensation, as high as he had flowed it. This instruction is entirely consistent with the decision in *Nutting* v. *Page*, 4 Gray, 581, cited by the respondent's counsel to show that the instruction was wrong.

The other instructions conformed to the law, as it was held in *Cowell* v. *Thayer*, 5 Met. 253; *Ray* v. *Fletcher*, 12 Cush. 200; and *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 241.

The verdict is to stand, and a warrant will issue for the assessment of the complainant's damages.